IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01196-MSK

MARLA VALLEJO,

    Plaintiff,

v.

CAROLYN W. COLVIN, acting Commissioner of Social Security,

    Defendant.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND GRANTING
MOTION FOR ATTORNEY FEES

---

**THIS MATTER** comes before the Court on the Commissioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (**#26**), the Plaintiff Marla Vallejo's Response (**#28**), and the Commissioner's Reply (**#30**). Also before the Court is the Plaintiff's Motion for Attorney Fees (**#25**), the Commissioner's Response (**#27**), and the Plaintiff's Reply (**#29**).

Ms. Vallejo appealed the Commissioner's denial of her claim for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83c. In an oral ruling (**#22**), the Court reversed the decision of the Commissioner and remanded the matter for further consideration. Pursuant to Rule 59(e), the Commissioner requests reconsideration. The Plaintiff objects.

This motion touches on issues that the parties addressed in their original briefing before the Court's ruling. However, the parties have more fully addressed their positions in the context of this motion than they did previously, making reference both to statutory provisions and applicable case law. For that reason — and because the outcome of this matter affects the

1

determination of the Plaintiff's Motion for Attorney fees — the Court takes this opportunity to clarify and further explain its reasoning.

## I.  Procedural and Factual Background

The Plaintiff sought a disability determination based on her depression and a bipolar disorder.  The ALJ found that she suffered from several severe impairments: left tibia and right ankle pain (status post fractures), angular deformity of the right clavicle (status post fracture), a mood disorder, bipolar disorder, and personality disorder.  Although she submitted mental health treatment records, the record before the ALJ did not include any opinion from a treating physician with regard to her mental impairment or limitations.  As a consequence, in formulating the Plaintiff's RFC, the ALJ considered the only medical opinions presented — one by an examining psychologist (given "little weight") and one by the state agency psychologist (given "great weight").  The RFC contained only three limitations arguably addressing the Plaintiff's mental health issues — unskilled work (SVP 1 or 2), no work in close proximity to coworkers, and no more than occasional direct contact with the public.  According to the testimony of a vocational expert, these limitations in conjunction with the Plaintiff's physical limitations would allow the Plaintiff to perform jobs existing in significant numbers in the national economy. Thus, the ALJ found that the Plaintiff was not disabled.

On appeal to the Appeals Council, the Plaintiff submitted new evidence — an opinion of her treating psychiatrist, Dr. Jerald Ratner.  Dr. Ratner opined that the Plaintiff had "extreme" limitations in multiple areas of mental functioning — understanding, concentration and persistence, social interaction, and in all areas of adaptation.  He stated that the Plaintiff likely would be off task 100% of the time, and that she was not mentally able to attend work at any job

for 8 hours a day, 5 days a week.  If Dr. Ratner's opinion were to control, the Plaintiff would arguably be disabled.

The Appeals Council listed Dr. Ratner's opinion as newly submitted evidence, but nevertheless "Denied" the Plaintiff's request for review.  In its Notice of Decision, the Appeals Council stated:

> We found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review.

It also stated:

> In looking at your case, we considered the reason you disagree with the decision and the additional evidence listed on the enclosed Order of the Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

There was no discussion of Dr. Ratner's opinion or the weight given to it.  There was no remand to an ALJ to assess the opinion in light of applicable legal standards.

On appeal, the record was devoid of any reason for rejection of Dr. Ratner's opinion.  As a result, this Court ruled that a reversal and remand was required because Dr. Ratner was the Plaintiff's treating provider and his opinion could not be rejected without articulation of good reasons.

## II. Analysis

The Commissioner contends that this Court erred in reversing and remanding the matter for further consideration.  She contends that the Appeals Council had no obligation to articulate the reasons for denying review.  She contends that either of the two explanations it gave — (1) that there was no reason to review the ALJ's decision or (2) that, upon review, there was no

3

basis for changing the decision — was sufficient.  The Commissioner relies on 20 C.F.R. § 416.1470(b) and *Martinez v. Barnhart,* 444 F.3d 1201 (10th Cir. 2006).

The Commissioner correctly points to the regulation governing the presentation of new evidence in this case, 20 C.F.R. § 416.1470(b), [1] which provides:

> [I]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

The Tenth Circuit addressed this provision in *Martinez*.  444 F.3d at 1207-1208.  The Commissioner's reliance on *Martinez* to establish a categorical holding that the Appeals Council need never make findings based on newly submitted evidence is misplaced.  As noted below, *Martinez* concerned the situation where the new evidence was of a type that arguably affected the "weight of the evidence" supporting the ALJ's decision.  In this case, however, regulation and case law provide that the new evidence submitted by the Plaintiff is either controlling or must be specifically assessed.  Although the reasoning found in *Martinez* is instructive, ultimately it compels a reversal and remand in this case.

In *Martinez*, the Plaintiff complained that the Appeals Council erred in failing to address newly submitted treatment records and to compare them to a medical opinion that had been evaluated by the ALJ.  The Circuit interpreted the statement of the Appeals Council that the newly submitted treatment records were part of the record to be an "implicit determination" that the new evidence was material and chronologically relevant; therefore, it was part of the record that the Appeals Council was required to consider.  *Id.* at 1207.  The Court of Appeals

---

[1] 20 C.F. R. § 404.970 contains similar provisions.

understood the Appeals Council's statement that "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision" to be a representation that the Appeals Council had evaluated the entire record including the new evidence in accordance with 20 C.F. R. §404.970.  *Id.*

Following this analytical framework, here the Appeals Council implicitly determined that Dr. Ratner's opinion was material and chronologically relevant.  His opinion therefore became a part of the administrative record to be considered by the Appeals Council and upon subsequent review by this Court.  *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *accord Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir 2003).

It is at this juncture that the factual distinction between *Martinez* and this case becomes important.  In *Martinez*, the new evidence were treatment records.  Such evidence does not require specific discussion and pinpoint assessment, rather medical treatment records are usually collectively assessed with all other evidence in the record.  They become part of what is referred to as the weight of the evidence, and in that context bear upon the findings and conclusions made by the ALJ.  For example, in *Martinez* the medical records were submitted with the hope that they would undercut the ALJ's rejection of a particular medical opinion.  Because no regulation or case law required that specific findings be made as to this type of evidence, the Appeals Council merely assessed whether it changed the collective weight of the evidence supporting the ALJ's findings or conclusions.  To the extent that the new evidence did not change whether the weight of the evidence supported the ALJ's findings, there was no need for the Appeals Council to specifically address it.

Here, the new evidence is of a different type — evidence that the law requires be specifically assessed; evidence that is presumptively controlling.  The new evidence, an opinion

by a treating physician with regard to Plaintiff's mental impairment and limitations, was not considered by the ALJ. Indeed, because there were no opinions by treating providers with regard to mental limitations, the ALJ considered only the opinions of consulting and state agency physicians.

Unlike medical records, every medical opinion must be specifically assessed. 20 C.F.R. § 416.927(c). In addition, opinions by treating physicians are entitled to special deference and can only be rejected upon a showing of specific legitimate reasons. The Commissioner must be specific and clear in explaining what weight is given to each medical opinion and the reasons for that weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). In short, the Appeals Council cannot reject a medical opinion, especially one from a treating physician, without explanation.

Opinions rendered by treating physician opinions are presumptively controlling, outweighing those of consulting physicians and agency physicians. *Id.*; *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir.2004); *Chapo v.Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012); *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289-90 (10th Cir. 1995). To give the opinion of a treating physician less than controlling weight requires a finding that either the opinion is not well-supported or not consistent with other evidence in the record. *Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions*, SSR 96-2p, 1996 WL 374188 (S.S.A. July 2, 1996). Either finding must be supported by specific and legitimate reasons. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *Drapeau v. Massanari*, 255 F. 3d 1211, 1213 (10th Cir 2001); *Frey v. Bowen,* 816 F2d 508, 513 (10th Cir. 1987); *Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985). If the opinion of a treating physician is not controlling, it then must be compared to other medical opinions, and its relative weight

determined.  This second inquiry is governed by factors set out in 20 C.F.R. § 404.1527(c)(2)-(6).

Dr. Ratner's opinion changed the analytical calculus of this case.  It became part of the administrative record that the Appeals Council considered, but there is no assessment of it for purposes of review.  There is no evaluation of whether it is controlling or not,  nor of what weight it was given.  If it is controlling, then it supplants the opinion of the agency doctor upon which the ALJ relied and arguably compels a finding of disability.  To determine that Dr. Ratner's opinion is not controlling, specific findings are required but they have not been made.  And if Dr. Ratner's opinion does not control, it nevertheless must be compared to the opinions of the consulting and agency physicians, but no comparison has been made.   The Appeals Council could have assessed the opinion, or remanded to allow an ALJ to do so, but failing to address it creates a critical deficiency in the record that constitutes error, and requires reversal and remand.

The Court next turns to the Plaintiff's Motion for an Award of Attorney Fees (**#25**).  The Plaintiff seeks an award of $7,785.25 representing 41.8 hours of attorney time under the Equal Access to Justice Act (EAJA).  The Commissioner opposes the request on two grounds: (1) that it is premature in light of the Commissioner's Motion to Alter the Court's Order; and (2) that the Commissioner's position was substantially justified based on its reliance upon *Martinez*.  There is no dispute that the Plaintiff is the prevailing party, nor is there any showing that the fees requested are unreasonable or that an EAJA award would be unjust or improper.

The question of the finality of the Judgment is resolved with the determination of this motion and therefore the request is no longer premature.  For the reasons explicated above, the Court finds that the Commissioner's reliance on *Martinez* was not substantially justified.  Accordingly, the Plaintiff's motion for fees is granted.

### III.  Conclusion

For the forgoing reasons, the Commissioner's Motion to Alter the Court's July 23, 2014 Order (#**22**) is **DENIED**.  The Plaintiff's Motion for Attorney Fees **(#25)** is **GRANTED**.  The Defendant shall pay the Plaintiff $7,785.25.

Dated this 17th day of June, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge